1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   RICHARD J. SIMMONS, Cal. Bar No. 72666
3  rsimmons@sheppardmullin.com
   MOE KESHAVARZI, Cal. Bar No. 223759
4  mkeshavarzi@sheppardmullin.com
   MARIA J. GANGEMI, Cal. Bar No. 246388
5  mgangemi@sheppardmullin.com
   333 South Hope Street, 48th Floor
6  Los Angeles, California 90071-1448
   Telephone:  213-620-1780
7  Facsimile:  213-620-1398

8  GABRIELLE M. WIRTH (SBN 106492)
   Wirth.gabrielle@dorsey.com
9  JESSICA L. LINEHAN (SBN 223569)
   Linehan.jessica@dorsey.com
10 EDWARD RASKIN (SBN 244936)
   Raskin.edward@dorsey.com
11 DORSEY & WHITNEY LLP
   38 Technology Drive, Suite 100
12 Irvine, California  92618
   Telephone:  (949) 932-3600
13 Facsimile:  (949) 932-3601

14 Attorneys for Plaintiff
   VITAC CORPORATION

15

16

17

18              **UNITED STATES DISTRICT COURT**

19        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

20

21 VITAC CORPORATION, a              **Case No. CV08-04246 CBM(CTx)**
   Pennsylvania corporation,
22
              Plaintiff,
23
              vs.                    **STIPULATION FOR ENTRY OF**
24                                   **PROTECTIVE ORDER; [PROPOSED]**
   LINDSAY BEIRIGER, an individual; **ORDER THEREON**
25 and DOES 1 through 5, inclusive,

26            Defendants.

27

28

1    The dispute in this action involves allegations of misappropriation of
2    trade secrets and highly confidential information.  During the course of this
3    litigation, highly confidential information will need to be shared through discovery
4    or otherwise between the parties and the Court.  So that both parties can continue to
5    protect their confidential business information involving business contacts and
6    descriptions of business methods not generally known to the public, the parties
7    propose this Stipulation.
8
9    This Stipulation governs the covenant of the parties and Defendant's
10   employer CaptionMax.  Plaintiff Vitac Corporation on the one hand ("Plaintiff"),
11   and defendant Lindsay Beiriger on the other hand ("Defendant") by and through
12   their respective counsel, hereby stipulate and agree that any documents, information,
13   testimony or transcripts ("Material") deemed by any Party or by any person or entity
14   that is not a party to this action ("Third-Party") to be confidential, proprietary, trade
15   secret and/or subject to a right of privacy ("Confidential Information"), shall be
16   designated and protected according to the following terms and conditions:
17
18   **A.    DESIGNATING PROTECTED MATERIAL**
19
20   Any Party or Third-Party may determine in good faith whether any
21   Material should be designated as "CONFIDENTIAL" or "CONFIDENTIAL-
22   ATTORNEYS' EYES ONLY" ("Designating Party").  However, such good faith
23   belief must be based on the fact that such information has not been made public and
24   the Designating Party must have a good faith belief that if such information is
25   disclosed it will have the effect of causing harm to a Party's competitive position or
26   otherwise impinge upon a party's right to privacy.  Parties and Third-Parties shall
27   also have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL-
28

W02-WEST:1MMK1\400980933.3                                      STIPULATED PROTECTIVE ORDER

1  ATTORNEYS' EYES ONLY," Material produced, served or provided by other

2  Parties or Third-Parties, in which case the Designator shall notify the other Parties

3  and/or Third-Parties of the Material that should be treated as "CONFIDENTIAL" or

4  "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Stipulated

5  Protective Order.  Any Material, or any part thereof, designated as

6  "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be

7  used only for the preparation and trial of this action, including discovery, pre-trial

8  proceedings, trial, appellate proceedings and petitions for reconsideration and/or

9  review, and shall not be used for any business, commercial or other purpose.  Except

10 as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated

11 or ordered, any Material that a Party or Third-Party deems "CONFIDENTIAL" or

12 "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be clearly so designated.

13 Designation in conformity with this Stipulated Protective Order requires the

14 following:

15

16      1.      For Material in documentary form (apart from transcripts of depositions

17 or other pretrial or trial proceedings), the Designating Party producing the

18 documents shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-

19 ATTORNEYS' EYES ONLY" at the top or bottom or by watermarking each page of

20 a document that contains Confidential Information.  The Designating Party that

21 makes original documents available for inspection need not designate them for

22 protection under this Stipulated Protective Order until after the inspecting Party has

23 indicated which documents it would like copied and produced.  During the

24 inspection and before the designation, all of the documents made available for

25 inspection shall be deemed "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

26 After the inspecting Party has identified the documents it wants copied and

27 produced, the Designating Party must determine which documents qualify for

28

W02-WEST:1MMK1\400980933.3                                    STIPULATED PROTECTIVE ORDER

1   protection under this Stipulated Protective Order; then, before producing the

2   specified documents, the producing Party must affix the legend "CONFIDENTIAL"

3   or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page of the documents

4   that contain Confidential Information.  If, after production, a Party or Third-Party

5   designates as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES

6   ONLY" documents not previously designated, then any Party in possession of such

7   documents shall designate the documents as such in accordance with this Stipulated

8   Protective Order.

9

10        2.      For testimony given in deposition or in other pretrial or trial

11  proceedings, the Designating Party shall identify either (a) on the record before the

12  close of the deposition, hearing or other proceeding, or (b) within 20 days after

13  receiving the transcript of such deposition, hearing or other proceeding, all portions

14  of the testimony that it wants to designate as "CONFIDENTIAL" or

15  "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  Only those portions of the

16  testimony that are designated for protection during the deposition or other pretrial or

17  trial proceedings, or within the 20 days after receipt of the transcript of such

18  testimony, shall be covered by the provisions of this Stipulated Protective Order.

19  The court reporter shall affix to the top or bottom of each page of a transcript

20  containing Confidential Information the legend "CONFIDENTIAL" or

21  "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by a Designating

22  Party's instructions.

23

24        3.      For any Material produced in other than documentary form and for any

25  other tangible items, the Designating Party producing such Material or tangible item

26  shall affix in a prominent place on the exterior of the container or containers in

27  which the material or item is stored the legend "CONFIDENTIAL" or

28

W02-WEST:1MMK1\400980933.3                                        STIPULATED PROTECTIVE ORDER

1 "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only portions of the

2 information or item warrant protection, the Designating Party, to the extent

3 practicable, shall identify the protected portions. If, after production, a Party or

4 Third-Party designates as "CONFIDENTIAL" or "CONFIDENTIAL-

5 ATTORNEYS' EYES ONLY" any non-documentary Material or tangible item not

6 previously designated, then any Party in possession of such Material or tangible

7 item shall designate it as such in accordance with this Stipulated Protective Order.

8

9 **B.    ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

10

11      1.    Subject to paragraph 3 below, all Material designated as

12 "CONFIDENTIAL" may be disclosed only to:

13

14           a.    Outside counsel for a Party and in-house counsel for plaintiff

15                 responsible for overseeing this action, as well as their employees

16                 and other persons or entities retained by such counsel to provide

17                 litigation-related services;

18

19           b.    Experts, consultants and other independent contractors retained

20                 or employed to consult with, advise or assist counsel for a Party

21                 in the preparation or trial of this case, as well as their employees;

22

23           c.    The Parties to this action and their current directors, officers and

24                 employees;

25

26

27

28

d. Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and

e. Personnel employed by the United States District Court for the Central District of California or any appellate court, including, the Ninth Circuit Court of Appeals, appellate court justices, court reporters, clerks and administrative support personnel.

2. A Designating Party may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" any Material that contains private, confidential, proprietary and/or trade secret information that is so sensitive that such Material should *not* be disclosed to the directors, officers or attorney employees of other Parties. Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to outside counsel. Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY may be disclosed to experts, consultants and other independent contractors retained or employed to consult with, advise or assist outside counsel for a Party in the preparation or trial of this case only by the agreement of counsel or application to this court. If Material designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" is relevant to the testimony of a particular employee or witness, it can be shown to that witness only by the agreement of counsel or application to this court.

3. Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under paragraph B(1) (b), (c) or (d) of this Stipulated Protective Order have agreed, prior to reviewing any such

-6-

1   Confidential Information, to be bound by the terms and conditions hereof with
2   respect to the restricted disclosure and use of such Confidential Information.  Prior
3   to receiving any Confidential Information, those persons shall sign a copy of the
4   statement attached hereto as Exhibit A, agreeing to be bound by the terms of this
5   Stipulated Protective Order and submitting to the jurisdiction of the United States
6   District Court for the Central District of California to enforce this Stipulated
7   Protective Order.  The Party who obtains any such signed statements shall retain
8   possession of the statements and shall provide a copy of the statements at the written
9   request of another Party.  However, under no circumstances shall any Party be
10  required to disclose the identity or existence of any expert, consultant or witness
11  until otherwise required to do so by law or order of the United State District Court
12  for the Central District of California.

13

14  **C.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

15

16          If, at any time during the pendency of this action, counsel for any Party
17  wishes to challenge a Designating Party's designation of Material as containing
18  Confidential Information, and to exclude such Material from the provisions of this
19  Stipulated Protective Order, the Party may proceed by petition before the United
20  States District Court for the Central District of California.  The Parties shall first
21  meet and confer in a good faith effort to resolve informally any disputes concerning
22  this Stipulated Protective Order before bringing any such petition before the United
23  States District Court for the Central District of California.  The burden rests on the
24  Party resisting the confidentiality designation to demonstrate that the
25  "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"
26  designation is improper.

27

28

## D.   INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

Inadvertent production without prior designation of any Confidential or Privileged Information shall be without prejudice to a Designating Party's right to later file a petition seeking to have the Confidential or Privileged Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or to any other Party's right to argue that production of such Confidential Information constitutes a waiver under applicable law of the right to designate any Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or that such material must be returned as privileged.

## E.   MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION

1.    All Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall be kept in secure facilities. A "secure facility" is a place where access is restricted to only to those designated persons set forth in paragraphs B(1)(a) and (b) of this Stipulated Protective Order.

2.    Any information, including, but not limited to, documents, interrogatory responses and depositions designated as containing Confidential Information, where submitted to the Court with a pleading or as evidence, shall be delivered to the Court sealed and not be available for public inspection. Counsel for the respective Parties shall place any documents to be submitted to the Court in an envelope marked "SEALED," affix a copy of this protective order to the documents, and deliver the documents directly to the clerk or secretary of the Judge assigned to hear this matter. Documents submitted under seal shall not become part of the

1  Court's file(s) relating to this action, but instead will be kept in a secure location by
2  the Judge assigned to hear the matter, and thereafter returned to counsel who
3  submitted the documents as and when directed by the Court.

4

5       3.     Documents or other information designated as containing Confidential
6  Information pursuant to this protective order shall be offered as evidence at trial
7  only under an appropriate order issued by the Court protecting their confidentiality,
8  unless the confidentiality of such information has been removed by agreement of
9  counsel, waiver, or application to the Court.

10

11       4.     Nothing in this Stipulation requires the Court to automatically grant a
12  request to file documents labeled "CONFIDENTIAL" or "CONFIDENTIAL
13  ATTORNEYS' EYES ONLY" under seal.  In accordance with Local Rule 79-5.1,
14  the proposed filing shall be accompanied by an application to file the papers or
15  portion thereof containing the protected information under seal and the application
16  shall be directed to the judge to whom the papers are directed.

17

18  **F.**     **CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED**
19            **PRODUCED IN OTHER LITIGATION**

20

21       1.     The terms of this Stipulated Protective Order shall apply to all manner
22  and means of discovery, including subpoenas duces tecum.

23

24       2.     In the event that a Party is served with a subpoena that seeks to compel
25  the production of Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-
26  ATTORNEYS' EYES ONLY," the Party upon whom the subpoena is served shall
27  give written notice of the subpoena to the Designating Party at least seven (7)

28

W02-WEST:1MMK1\400980933.3

STIPULATED PROTECTIVE ORDER

calendar days before the production date (or, if the subpoena provides less than seven (7) days notice, within one (1) business day after service of the subpoena). The Designating Party may then file a petition or motion to quash the subpoena and/or obtain such other relief as will protect the confidential nature of the documents.  If the Designating Party files such a petition before the production date specified in the subpoena, the Party upon whom the subpoena is served shall not produce the requested documents until after the United States District Court for the Central District of California or appropriate court has ruled on the petition or motion.

## G.    FINAL DISPOSITION

Within thirty (30) days after the final termination of this action, counsel for each Party shall return to the Party or Third-Party who produced it, any and all Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction.  For purposes of this Stipulated Protective Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review having been filed, or, if any such petition is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

# H.    MISCELLANEOUS

1.    Subject to the Provision of Paragraph F(2), above, nothing in this Stipulated Protective Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Stipulated Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

2.    This Stipulated Protective Order is intended to regulate the production and dissemination of Confidential Information during the entirety of this action, and thereafter shall remain in full force and effect, unless and until modified, superseded or terminated by written agreement of all Parties or by order of the United States District Court.  This Stipulated Protective Order shall become effective as among the Parties when executed by all Parties, with or without the District Court's entry of the order.  The United States District Court for the Central District of California shall retain jurisdiction to enforce the provisions of this Stipulated Protective Order and to enter amendments, modifications and additions to this Stipulated Protective Order as the United States District Court for the Central District of California may from time to time deem appropriate upon noticed motion of a Party or upon the United States District Court for the Central District of California's own motion upon notice to the parties.

3.    Counsel for both parties shall make every attempt to redact exhibits for use at trial as opposed to marking such exhibits "CONFIDENTIAL" so as to reduce the burden of sealing the Court during trial.

4.    Nothing in this Stipulation shall be construed as improperly limiting the rights of third parties involved in other actions to conduct discovery or to limit the

W02-WEST:1MMK1\400980933.3

STIPULATED PROTECTIVE ORDER

1   subpoena power of another court unless a Court grants a properly noticed motion for

2   protective order in such other proceedings.

3

4        SO STIPULATED:

5

6

    Dated: August ___, 2008                DORSEY & WHITNEY, LLP

7

8                                      By: _____
9                                           Gabrielle M. Wirth
                                            Attorneys for Plaintiff
10                                          VITAC Corporation

11
    Dated: August ___, 2008                SHEPPARD  MULLIN  RICHTER  &
12                                          HAMPTON, LLP

13

14                                     By:_____
15                                          Adam Tullman
                                            Attorneys for Defendant
16                                          Lindsay Beiriger

17  Dated: August ___, 2008                SHEPPARD  MULLIN  RICHTER  &
18                                          HAMPTON, LLP

19

20                                     By:_____
                                            Adam Tullman
21                                          Attorneys for CaptionMax

22                                     **ORDER**

23  IT IS SO ORDERED.

24
    Dated: 8/14/08                       By: _____
25                                               Judge
26

27

28

-12-